## Chesapeake & Ohio Railway Company v. Weddington's Administrator.

### (Decided December 11, 1913).

### Appeal from Floyd Circuit Court.

1. Railroads—Crossings.—Where a land owner conveyed to a railroad company a right of way through his farm, with the provision that grantee should furnish the necessary crossings, the grantor may recover damages in discharge of such covenant upon failure of the railroad company to comply therewith; and he may also recover damages for the inconvenience suffered by him in the use and enjoyment of his farm.

2. Estoppel—By Participation in Proceedings Operating to Deprive One of His Rights.—Where the owner of a remainder interest actively participates in the conduct of an action by the life tenant for the recovery of damages in discharge of the covenant of a railroad company to furnish the necessary crossings, contained in the deed conveying a right of way across the lands so owned and held, he is thereafter estopped from asserting whatever right he may have had to or in the recovery.

HARKINS & HARKINS, F. T. D. WALLACE and WORTHINGTON, COCHRAN & BROWNING for appellant.

JAMES GOBLE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

J. W. Weddington, in 1902, sold and conveyed to the Big Sandy Railway Company, a right of way, one hundred feet wide, through two tracts of land in Floyd County, then owned by him. The two tracts so owned by him were not contiguous, an intervening tract being the property of Grant Weddington, a son of J. W. Weddington. The deed conveying said rights of way contained this provision: "The grantee agrees to furnish the necessary crossings."

On September 5, 1910, said J. W. Weddington, complaining that the terms of said covenant had not been complied with by the Big Sandy Railway Company, and its successor in title, the Chesapeake & Ohio Railway Company, instituted in the Floyd Circuit Court, an action against them for damages for the alleged breach of said covenant, fixing said damages at the sum of thirteen hundred and fifty dollars.

Upon the trial, at the conclusion of plaintiff's evidence, the court sustained defendant's motion for peremptory instruction as to the cause of action affecting the crossing on the lower of the two tracks; and at the conclusion of all the evidence, overruled defendants' motion for peremptory instruction as to the cause of action affecting the crossing on the upper tract.

The court then instructed the jury that it was the duty of defendants to erect and maintain the necessary crossings on said upper tract; and that if defendants failed to provide plaintiff with a necessary and convenient crossing that could be used on said upper tract, they should find for plaintiff such damages as he had sustained by reason of such failure, to be estimated by by what it would cost to make a good crossing at the most convenient place, and also such damages as may have directly resulted from September 5, 1910 (the date of the filing of the petition) up to the time of trial (October 19, 1912), for inconvenience in the use and enjoyment of said upper tract by reason of not having such crossing.

The jury found a verdict for plaintiff in the sum of $200 and from the judgment thereupon entered, this appeal is prosecuted.

During the trial of the action, after the jury had been selected, defendants filed an amended answer, alleging that plaintiff was no longer the owner of the land in the action mentioned and described, having sold and conveyed same only a few days prior thereto, to his son, Grant Weddington. The deed in question was dated

October 14, 1912, and contains the following language: "It is further understood that the said James W. Weddington is to retain control of all said land during his lifetime, and at his death, his wife, Lucy Weddington, if living, shall hold the house and garden where they now live, during her life, and at her death, to belong to said Grant Weddington." It is contended that because plaintiff was only a tenant for life at the time of the trial, he was not entitled to recover on said verdict, for the reason that it includes not only damages for inconvenience suffered by him in the use and enjoyment of said farm, but also damages based on the cost of constructing a crossing, and, therefore, in discharge of the covenant to furnish same; that said Grant Weddington was a real party interested in the recovery and should have been made a party to the action.

But the record discloses that said grantee in said deed, Grant Weddington, was in active charge of the conduct of this action; that he verified the reply, the affidavit stating that Grant Weddington "is agent for his father, J. W. Weddington; that J. W. Weddington is nearly 87 years of age and is at home, very feeble and seriously ill, and unable to attend the trial or to verify the pleading, and that affiant, Grant Weddington, is acquainted with the issues and facts in the case." The record also shows that Grant Weddington was the principal witness for the plaintiff. He, having actively participated in the proceedings operating to deprive him of whatever rights he may have had in this recovery, and being by these acts estopped from hereafter asserting them, the defendants, were, therefore, not prejudiced by the failure to make him a party, or his failure to ask to be made a party to the action.

Appellant also complains of the action of the trial court in refusing it a continuance to another day in the term. The motion therefor was supported by an affidavit setting forth the facts which defendants would prove by the absent witnesses; and the plaintiff thereupon consented that on the trial said affidavit might be read as the deposition of the absent witness; this was done. We find no error in this, especially as substantially the same facts were proven by witnesses who were present and testified.

Appellant, Chesapeake & Ohio Railway Company, also complains of the action of the trial court in overruling a motion to quash the return on the summons against the Big Sandy Railway Company. The Big

Sandy Railway Company has not appealed from the judgment against it, and appellant cannot complain for it.

Appellant also contends that the jury in fixing the amount of their verdict must have taken into consideration certain evidence which was permitted to go to them relative to the probable cost of the construction of a haul-road not on the right of way, to enable plaintiff to use the crossing constructed on the lower end of said tract so as to render accessible the upper end of said tract. However, the evidence as to the probable cost of the construction of a crossing ranged from thirty to fifty dollars; and the evidence as to the rental value of the land ranged from thirty to one hundred dollars per year; and under this state of proof, a verdict for as much as two hundred and fifty dollars would have been supported by the proof. The instruction given limited the damages to the cost of a "good crossing" and damages for "inconvenience in the use and enjoyment" of the upper tract; and the evidence complained of, even if incompetent, was not prejudicial.

The issues of fact were presented to the jury under instructions that were more favorable to defendants than they were entitled to; and the verdict, being supported by the evidence, will not be disturbed.

Judgment affirmed.